## Wolf *versus* Batchelder.

1. Under the Mechanics' Lien Law it is not necessary that the sale and delivery of materials should be charged in a book of original entries. Any evidence which satisfies a jury that they were furnished for and about the erection or construction of the building is sufficient.

2. Hills *v.* Elliott, 16 S. & R. 59, qualified.

3. A contractor may be a witness for the lien-creditor against the owner.

October 25th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Crawford county :* No. 139, to October and November Term 1867.

In the court below this was a scire facias sur mechanics' lien. John Batchelder & Co. against George Wolf, owner, and Charles Petshold, contractor, issued December 5th 1865 for lumber furnished in the erection of a house for Wolf.

On the trial before Johnson, P. J., the plaintiffs gave in evidence their book of original entries, in which the lumber was charged in an account headed " George Wolf by Petshold for Wolf, Dr." The account commenced July 13th 1864, and amounted in the whole to $1191.04, on which there were credits that reduced the amount due to $766.04.

A witness for plaintiffs testified that shortly after July 5th 1864 Wolf and Petshold came together to plaintiffs' lumber yard, when Wolf said he was going to build a house, selected a pile of lumber, and said that he should want considerable lumber, and that for any Petshold should get charged to him he would be responsible.

Petshold, after objection to his competency and exception, testified for plaintiffs to the same effect. He also testified on cross-examination that there was a contract in writing, entered into

between him and Wolf after the house was erected in September 1864.

The defendant then gave the contract in evidence. It was dated September 19th 1864. By it Petshold agreed, in consideration of $4000, to furnish lumber and all other materials, and do all the carpenter work for the house, in accordance with specifications referred to, and have the carpenter work done by the 5th day of October then next.

Two witnesses for defendant testified that Batchelder, one of the plaintiffs, either heard the contract read or was informed of its contents; that "he was distinctly informed there was to be no lien filed for materials furnished or for labor."

The court charged: * * * " The manner in which the charge is made, or the mode of keeping the account of materials furnished, is unimportant; the important questions are, whether the materials embraced in the lien filed went into the building, and were furnished on the credit of the building. The material-man has a right to say he has done so, unless he agreed not to do so, or was expressly forbidden so to do by the owner." * * *

The verdict was for the plaintiffs for $863.07.

The defendant Wolf took a writ of error, and assigned for error the charge, and the admission of Petshold as a witness.

*D. W. Farrelly,* for plaintiff in error, cited Hinchman *v.* Graham, 2 S. & R. 172; Wigton's Appeal, 4 Casey 161; Hills *v.* Elliott, 16 S. & R. 59; Harland *v.* Rand, 3 Casey 511; Act of March 27th 1865, Pamph. L. 38; Dwarris on Stat. 728.

*J. H. Baker,* for defendants in error, cited Acts of June 16th 1836, § 1, Purd. 708, pl. 1, Pamph. L. 696; April 16th 1845, § 5, Purd. 714, pl. 41, Pamph. L. 538; March 27th 1865, Pamph. L. 38; Hodtz *v.* Patterson, 5 W. & S. 538; Hinchman *v.* Graham, 2 S. & R. 170; Harland *v.* Rand, 3 Casey 513.

The opinion of the court was delivered, October 31st 1867, by STRONG, J.—The Mechanics' Lien Law declares that buildings "shall be subject to a lien for the payment of all debts contracted for work done, or materials furnished for or about the erection or construction of the same," but it does not prescribe what shall be the proof that the work was done, or the materials supplied for the building. It is not by the statute made necessary that the sale and delivery of materials should be charged in a book of original entries. Any evidence that satisfies a jury they were furnished for or about the erection or construction of the building is sufficient. To the inquiry whether there is a lien or not, it cannot therefore be essential in what manner the sale and delivery of the materials were charged at all. It would be all important

[Wolf *v.* Batchelder.]

if the book was the only allowed instrument of proof that credit was given to the building. But it is not. There is to be found, it is true, an opinion of Judge Huston, in Hills *v.* Elliott, 16 S. & R. 59, in which he said " that the charges must be made in such a manner that the owner, if he applies to the material-man before he pays the architect, may be able to discover the liability of the house ;" but this must be understood as applicable only to a case where a book of original entries is the only evidence that the materials were furnished " for or about" the erection of the building.

It has been decided that the charges may be made against the contractor exclusively without any reference to the owner or to the building (Church *v.* Allison, 10 Barr 413), though in such a case there must undoubtedly be other proof that the materials were furnished for the building. A material-man has two remedies, one personal, against the contractor who buys from him, and the other against the structure, on the credit of which he furnished the materials. To avail himself of the former, the mode in which he has kept his books may be most important, but not so when he seeks to establish a lien against the building. In the present case the lumber was charged in the plaintiffs' books to the owner of the building, and the books named the contractor as having procured it. True, the building was not mentioned, but there was abundant and uncontradicted evidence that the lumber was furnished for the house. What, then, did it matter that the books proved only a part of the case, to wit, the sale and delivery ? The charge of the court must be considered with reference to the case before it. The jury were instructed to find from this evidence whether the materials went into the building, and whether they were furnished on the credit of the building. They were told it was unimportant in what mode the books were kept ; that the material-man had a right to say that he had furnished the materials on the credit of the building (even though no reference was made to the building in his books), unless he had agreed not to do so, or had been forbidden to do so by the owner. They were still to determine from the evidence whether the plaintiff had been so forbidden, or had so agreed, or whether with or without any understanding he did furnish the materials charged for, on the credit or security of the building. In this we see nothing of which the defendant can rightfully complain, and we therefore do not sustain the 1st and 2d assignments of error.

And there was no error in permitting the contractor to testify on behalf of the plaintiff. Whether the case is within the operation of the Act of Assembly of March 27th 1865, entitled " An act authorizing trustees, executors, &c.," to be witnesses, the 2d section of which authorizes a party to compel an adverse party to testify in his behalf, we need not now determine. Without the

[Wolf *v.* Batchelder.]

aid of that act the contractor was a competent witness for the plaintiff. This was ruled in Rickabaugh *v.* Dugan, 7 Barr 395.

Judgment affirmed.