JAMES MULRINE *v.* WASHINGTON LODGE, No. 5, I. O. O. F.

In the mechanic lien statute the word " contractor" in contradistinction to a " material man " is limited and restricted in its meaning and application to such a person as contracts to do the work in whole or in part of any building or structure, and also to furnish the materials required for it; but no one who merely furnishes materials for it, or works on the building without contracting to furnish the materials required for it, is a contractor in the meaning and contemplation of the statute.

To entitle a material man under it to recover for material furnished to a subcontractor to do the stone and brick work of a building and used in the erection of it, he must have furnished them on the credit of the building, and not of the sub-contractor only.

Mulrine *v.* Washington Lodge.

*Scire Facias* on a mechanic's lien by James Mulrine against Washington Lodge, No. 5, Independent Order of Odd Fellows, owners or reputed owners of the building or structure known as Odd Fellows' Hall in the city of New Castle, and Harry Lape, contractor, and Benjamin F. Perkins, sub-contractor, on a claim of two hundred and seventy dollars and ten cents for stone for the building furnished on its credit in the erection of it, with interest thereon from October 1st, 1879. The plaintiff put in evidence the records of the deed to the defendant company for the lot of ground on which the building had been constructed, and that he owned and worked a stone quarry on the Brandywine at the time, and was called on there by Benjamin F. Perkins and asked at what price he would furnish stone, and he told him at one dollar and ten cents per perch, and that he shipped eleven boat loads of it from the Brandywine to wharves at New Castle, and by the carter there that he hauled that number of boat loads of stone from the wharves of New Castle to the site of the building. On closing with this evidence,

*Lore* for the defendant moved a non-suit. By the provision of the act the lien of the claim and the judgment upon it dates from the day on which the delivery of the materials was commenced, but that has not been proved with sufficient precision, and should be definite and certain. Again, it should be proved that they were furnished by the plaintiff on the credit of the building, for this is put in issue by one of the pleas on the record, but this has not been proved; on the contrary, the evidence is that the stone was not delivered at the building, but on the wharf at New Castle for Mr. Benjamin F. Perkins, and there is not a particle of proof that it was either sold or delivered to him by the plaintiff for the building in question, much less on the credit of it. On the contrary, from the little evidence there is before the court and jury on that point the only presumption could be that the plaintiff sold and delivered the stone to Perkins as the purchaser of it for his own use and upon his credit solely.

*Nields* for the plaintiff. Under the statute any evidence that

the materials were furnished in or about the building is sufficient, without explicit or positive proof that they were furnished on the credit of it.    56 Pa., 87; 62 Pa., 1.

*The Court* refused the motion for a non-suit on the ground that there was some evidence before the jury on the point made by the counsel for the defendant and it would therefore have to leave the question of its effect and sufficiency to their consideration hereafter, where the decision of it properly belonged.

*Lore* before the jury.   The claim in this case was filed in the office of the prothonotary on the 27th day of December, 1879, and within ninety days after the delivery of the stone for the building in question was finished, but as according to the facts proved in the case the plaintiff was to be considered a contractor within the meaning of the statute for furnishing the stone for it, which expressly provides that no contractor shall file his claim under it until after the expiration of ninety days from the completion of the building or structure, it was manifest that the plaintiff in this case filed his claim too soon and directly contrary to the very words of the law ; and the court would consequently instruct the jury, he had no doubt, that he could not recover in the action.   He also again made the point raised on his motion for a non-suit, and contended that there was not sufficient evidence before the jury that the plaintiff furnished the stone on the credit of the building, or even on the credit of the owners of it, or on the credit of any other person than Mr. Benjamin F. Perkins, to warrant them in finding a verdict for the plaintiff.

*Nields* on the contrary contended that the plaintiff was not a contractor to build or peform work on a structure within the meaning of the statute, but obviously was what is counted and considered as a material man in it, for one who furnishes on the credit of any building or structure materials of any kind whatever to be used in the construction, alteration or repair of any building or structure, is a material man, and having a claim as such against any building, the owner or owners of it, or

Mulrine *v.* Washington Lodge.

builder or builders who have contracted to build it, or to work on it, or on any part of it, and at the same time to furnish materials for such work on it, is expressly required by the statute to file such claim for furnishing such materials within ninety days after the delivery of them; and therefore the claim in this case was not filed too soon, or contrary to the statute, but strictly in conformity with the proper provisions of it in that respect. And there was sufficient evidence before the jury to satisfy them that the plaintiff, who was not a stone mason, nor a builder of houses or structures of any kind, but the owner of a stone quarry and quarried and sold stone for such purposes, furnished the stone sold and delivered by him at New Castle in this case for the Odd Fellows' Hall there, on the credit of that building, and was justly entitled to their verdict in this action.

*The Court, Comegys,* C. J., charged the jury that it was purely a question of law in this case depending upon the construction of a statute, and the court must say to them in so many words, that the plaintiff in the action, James Mulrine, was not a contractor, but a material man within the meaning and designation of those respective terms or phrases as employed in the statute in distinction of the one from the other. Everybody hired to work on and every day laborer employed in building a house for another is in a general sense a contractor to perform work and labor upon it, and the same may be said of any one who furnishes any materials for it by special or implied agreement for the construction of it, but this general sense is not the sense in which the term contractor is used in the statute, as it became indispensably necessary in the framing and enactment of it, and to carry out the peculiar policy and designs of it in its several provisions, to establish a marked distinction between what shall constitute a contractor and what a material man, or what shall constitute a contractor in contradistinction to a material man within the meaning of the words as they respectively occur in it, and in it to limit and restrict the general meaning of the word contractor to such persons only who contract to do the whole or any part of the work in the construction of any building or

structure, and also to furnish the materials required for such contract; and no other than such a person is a contractor in contemplation of the act. And such being the law, and the plaintiff therefore not being a contractor, but a material man in the meaning of it, according to the evidence so far as it goes and is admitted on the part of the defendant, we must further say to you that the claim of the plaintiff as a material man, and not a contractor under it, was not filed too soon or contrary to the statute, but in accordance with the provision of it in such a case as this.

There is no direct proof that the plaintiff furnished the quantity of stone proved on the credit of the building in question, the Odd Fellows' Hall, at New Castle, but it is in proof that Benjamin F. Perkins, the sub-contractor for furnishing the stone and bricks for it and doing the stone and brick work in the erection of it, called on the plaintiff who owned and worked a stone quarry on the Brandywine, and informed him that he had such a contract on it, and asked him at what price he could furnish him with stone for it delivered on the wharf at New Castle, and he replied that he would furnish it at one dollar and ten cents per perch delivered on the wharf there, and that the plaintiff soon afterwards proceeded and delivered the stone in successive boat loads on the wharf there, and as fast as it was so delivered Perkins had it carted to the site of the building, and that it was used by him under his sub-contract in the erection and construction of it; and it would be for the jury to consider and determine from all the evidence before them in the case whether the plaintiff furnished the stone on the credit of the building in the construction of which it was intended to be used and was so used by Perkins, or on the credit of Perkins only, for the jury must be satisfied from the evidence before them that the material or stone in question was furnished by the plaintiff on the credit of the building to warrant them in finding a verdict in his favor; otherwise their verdict should be for the defendant.

The defendant had a verdict.